UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ABEL OSAGIE and ALABA OSAGIE,<br>    Plaintiffs,<br><br>    v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br>    Defendant. | No. 3:11cv1085 (SRU) |

### RULING ON MOTION TO REMAND

On June 20, 2011, the *pro se* plaintiffs, Abel and Alaba Osagie ("the Osagies"), filed a complaint against the defendant, Capital One Bank (USA), N.A. ("Capital One"), in state court. The plaintiffs allege that Capital One reduced Alaba Osagie's credit line based on an erroneous consumer credit report. According to the Osagies, Capital One refused to reverse its position even after being notified that the information in the credit report was incorrect. The Osagies claim that Capital One's actions were in violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*

On July 7, 2011, Capital One removed the case from state to federal court. Doc. #1. On July 21, 2011, the Osagies filed a motion to remand the case back to state court and a motion for costs. Docs. ##15 and 16.

A defendant may remove a case to federal court if the original complaint contained a federal question, or if there is diversity of citizenship. 28 U.S.C. § 1441; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Capital One maintains that removal is appropriate here because the citizens are diverse.

In order for a federal court to have jurisdiction in a case because of diversity of citizenship, (1) the plaintiffs and defendant must be citizens of different states, and (2) the matter

in controversy must exceed $75,000.  28 U.S.C. § 1332(a).  For the purpose of determining diversity, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Capital One states that it was chartered under the laws of the United States and has its principal place of business in Virginia.  The Osagies do not contest those assertions.  Thus, because the Osagies are citizens of Connecticut, and Capital One is a citizen of Virginia, the parties are diverse, and the first requirement for diversity of citizenship has been met.  Capital One also claims that the amount in controversy exceeds $75,000.  The Osagies do not contest that assertion, either, so the second requirement for diversity of citizenship has been met.

The Osagies argue that the case should be remanded because the action is brought entirely based on state law.  Although the presence of a federal law claim is one ground for removing a case, it is not the only ground.  If the plaintiffs and defendant are citizens of different states, and the amount in controversy exceeds $75,000, federal courts "shall have original jurisdiction."  28 U.S.C. § 1332.  In such circumstances, Capital One has the right to remove the case from state to federal court.  28 U.S.C. § 1441.

The Osagies next argue that the court should decline to exercise federal jurisdiction because there is a related case pending in state court.  It appears that on March 29, 2011, Capital One filed a complaint against Alaba Osagie in state court.  Pls.' Mot. to Remand, Ex. 3.  The plaintiffs are correct that federal courts may sometimes abstain from exercising their jurisdiction if there is a parallel state proceeding.  *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818-19 (1976).  It appears, however, that the defendant has withdrawn its state action.  Def.'s Opp'n to Pls.' Mot. to Remand, Ex. A at Ex. 1.  There is thus no pending state action, and no cause for this court to abstain from exercising federal jurisdiction.

Because the defendants have demonstrated that the parties are diverse and the amount in controversy exceeds $75,000, and because there is no parallel state court proceeding, the plaintiffs' motions to remand and for costs, docs. ## 15 and 16, are **DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 3rd day of October 2011.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge